Sutliff, J.
The only question presented for our consideration is that of the competency of the witness offered by the plaintiff, and excluded by the court.
It is provided by sections 310 and 313 of the code, as follows:
“Seo. 310. No person shall be disqualified as a witness in any civil action or proceeding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime ; but such interest or conviction may be shown for the purpose of affecting his credibility.”
“ Sec. 313. No party shall be allowed to testify by virtue of the provisions of section 310, where the adverse party is the executor or administrator of a deceased person, when the facts to be proved transpired before the death of such deceased person. Nor shall he *452 testify unless he give reasonable notice of his intention so to do to-the adverse party.”
There have been several amendments, but none that so change those sections as at all to affect the question before us. The sole question is, whether Adams, the proposed witness, comes within the exceptions to section 310 of the code, expressed by section 313.
If he was a party in the case adverse to the other party, an executor or administrator, he is, but not otherwise.
The record in this case shows that the witness was not *a party at all in the case. He therefore is not within the provisions of section 313, and by the express provisions of section 310, was a competent witness in the case.
Nor would he have been within the exception, even if he had continued to have an interest in the event of the suit. In such a. case it is provided, in section 310, that “ such interest ” might be-shown “ for the purpose of affecting his credibility.” But, in the-case under consideration, the record shows that the witness was not only not a party in the case, but also that the witness had assigned all his interest in the claim, and so was not only a competent but a disinterested witness.
Before our liberal statutory amendments of the law of evidence, a witness standing in the relation of Adams to the parties litigant, and not himself a party, nor interested in the event of the suit, was a competent witness. By the provisions of the code, section 25, an action is required to be brought in the name of the real . party in interest, except in certain cases of a fiduciary character, mentioned in section 27. In the prosecution of a right of action assigned, therefore, the assignee, as in this ease, prosecutes the action in his own name, and as independent of the assignor, as-does the indorsee of a negotiable promissory note or bill of exchange. Nor can the fact of the assignment having been made-subsequently to the death of the testator or intestate, at all affect the right of the assignee of a chose in action, any more than it. would the right of an indorsee of a promissory note or bill of exchange, under like circumstances. The action in either case is alike required by the provisions of the code to be prosecuted in the-name of the party in interest.
If it be -objected that' the provisions of section 313, precluding the party from testifying when the adverse party is the executor or administrator, may be avoided by thus allowing the party hav *453 ing such right of action upon an assignment-thereof, to substantiate •the right by his own testimony, it may be replied that the law is thereby subject *to no greater liability to abuse than [562 might have been practiced by the transfer of negotiable paper before the adoption of the code. Formerly, when the witness introduced to give testimony was, upon objection made, held to be incompetent by reason of interest in the event of the suit, it was not unusual for his competency to bo restored at once by a release of -.such interest on the witness-stand. And the circumstance and manner of such release could only be urged against the credibility ■of the witness. The payee and indorser of a negotiable note, under such circumstances, might be improved as a competent witness to maintain the right of action thereon. And it is difficult to ■perceive any want of analogy between such cases, under our former rules of practice, and the practice, under the code, of allowing an assignor to testify in such cases as the one under consideration. It is not shown, nor pretended, that the assignment in this ease was not bona fide on the part of Adams to the plaintiff; and if it were not, I apprehend that the objection to Adams as a witness could .go only to his credibility.
Indeed, the case before us is made so clear, by the express language of the code, as to need no argument, nor admit of construction. It is not admissible to interpret what has no need of interpretation. Where a statute is plain, and its meaning clear and unambiguous, as expressed in the text, unless its obvious meaning leads to some absurd consequence, courts are not at liberty to re.-sort to construction.
We think the district court erred in holding the witness offered to be incompetent; and for this cause the judgment of that court is reversed.
Brinkerhoee, C. J., and Scott, Peck, and G-holson, JJ., concurred.